# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| EAGLE REALTY INVESTMENTS, INC., *et al.*, | Case No. 18-cv-362 |
| Plaintiffs, | Judge Timothy S. Black |
| vs. | |
| PETER G. DUMON, *et al.*, | |
| Defendants. | |

## ORDER GRANTING DUMON DEFENDANTS' MOTION TO DISMISS (Doc. 26)

This civil action is before the Court on Defendants Peter G. Dumon and Julie A. Dumon (the "Dumon Defendants")'s motion to dismiss for failure to join a necessary and indispensable party (Doc. 26) and the parties' responsive memoranda (Docs. 29 and 32).

## I. BACKGROUND FACTS

Plaintiffs Eagle Realty Investments, Inc. ("Eagle") and Frontage Lodging Investor Holdings, LLC ("Frontage") bring suit in diversity in this Court against Defendants Peter G. Dumon, Julie A. Dumon, Graham L. Hershman, Michael S. Payne, and Helmut A. Horn. (Doc. 1). On October 3, 2014, Defendants entered into a Guaranty of Completion, Budgets, Cash Flow and Other Matters (the "Guaranty") (Doc. 1-1) with Plaintiffs and Vail Hotel Holdings EHSV, LLC ("Vail Holdings") related to the construction of a luxury resort in Vail, Colorado (the "Vail Project"). Under the Guaranty, Defendants were guarantors (or obligors) and Plaintiffs and Vail Holdings were beneficiaries (or obligees). (*Id.*).

1

Defendants allegedly executed the Guaranty in favor of Plaintiffs to induce Plaintiffs to provide equity contributions for the Vail Project to be developed and operated by Vail Holdings. (Doc. 1 at ¶ 1). Defendants purportedly promised that the Vail Project would be completed by a certain date, Defendants would cover all costs of completion, and Plaintiffs would be reimbursed for all costs they incurred relating to their participation in the Vail Project. (*Id.* at ¶ 2). According to Plaintiffs, Vail Holdings did not develop the property by the agreed to date in the contract. (*Id.*). Plaintiffs bring suit against Defendants for their alleged breach of the Guaranty. (*Id.* at ¶ 3).

The Dumon Defendants now move to dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(7), for Plaintiffs' failure to join Vail Holdings, which the Dumon Defendants claim is a necessary and indispensable party. (Doc. 26).

Vail Holdings is a three-member Delaware Limited Liability Company ("LLC"). (Doc. 1-1 at 1). The members of Vail Holdings include Eagle, Frontage, and PH Vail Hotel Owner, LLC, ("Harp"). (*Id.*). Eagle and Frontage are both Ohio incorporated entities with their principal place of business in Cincinnati, Ohio. (Doc 1 at ¶ 4-5). Harp is an Illinois LLC. (Doc. 1-1 at 1). The members of Harp include the Defendants who are all residents of Illinois. (Doc. 1 at ¶ 6-10, 16). The Guaranty included a choice of law and forum selection clause subjecting the parties to Ohio law and jurisdiction in federal or state court in Hamilton County, Ohio. (Doc 1-1 at §§ 8.10–11).

2

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(7) allows dismissal for failure to join an indispensable party under Rule 19. A party is indispensable if: "(1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee." *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).

Under Rule 19, a party is "necessary" if: (1) the absence of the party to be joined impairs the court's ability to grant relief; (2) the party to be joined claims an interest in the subject matter of the action and not joining the person would impede the party's ability to protect that interest; or (3) the party to be joined claims an interest in the subject matter of the action and not joining the person would leave an existing party vulnerable to incurring multiple or inconsistent obligations regarding the claimed interest. Fed. R. Civ. P. 19(a)(1); *OneCommand, Inc. v. Beroth*, 2012 WL 3755614, *1 (S.D. Ohio Aug. 29, 2012).

If the court determines that a party is not "necessary" under Rule 19(a), "joinder, as well as further analysis, is unnecessary." *Local 670 v. Int'l Union*, 822 F.2d 613, 618 (6th Cir.1987). The burden is on the moving party to establish that a party is necessary for purposes of Rule 19(a). *Marshall v. Navistar Intern. Transp. Corp.*, 168 F.R.D. 606, 611 (E.D. Mich. 1996).

If a party is deemed required and joinder is not feasible, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. Fed. R. Civ. P. 19(b).

## III. ANALYSIS

### A. Dumon Defendants have not waived the right to move to dismiss

As an initial matter, Plaintiffs argue that Defendants waived the right to move to dismiss by expressly waiving any defenses with respect to the Guaranty. (Doc. 29 at 5). This argument lacks merit. The Guaranty states that the "Guarantors agree that the Guaranty Obligations ... shall not be subject to any counterclaim, set-off, abatement, deferment, or defense based upon any claim that the Guarantors may have against the Beneficiaries". (Doc. 1-1 at §§ 2.2). As Defendants note, a motion to dismiss is not based on Guaranty obligation claims that the Defendants have against Plaintiffs. The Guaranty also states that "Guarantors irrevocably waive any defense based upon an election of remedies made by Beneficiaries." (Doc. 1-1 at §§ 3.2). However, this language is not a blanket waiver implicating a motion to dismiss; it is merely a waiver of any defense of election of remedies. Further, the Reaffirmation states that "[e]ach Guarantor ... has no defenses or set offs against any Beneficiary ... with respect to the Guaranty". (Doc. 29-1 at 3). Again, the language of the Reaffirmation does not impact Defendants' ability to move to dismiss—the Reaffirmation addresses defenses to Guaranty obligations and claims. Therefore, the Defendants have not waived the right to move to dismiss this action for failure to join a necessary party.

### B. Motion to Dismiss

Dumon Defendants seek to dismiss this action for Plaintiffs' failure to join a necessary party, Vail Holdings. In order to prevail, the Dumon Defendants have the burden of demonstrating that Vail Holdings is a required party, joinder of Vail Holdings

is not feasible, and this action should be dismissed instead of continuing with Vail Holdings absent. First, Dumon Defendants contend that Vail Holdings is a necessary party requiring joinder to this action because it is a co-obligee under the Guaranty. Second, both Plaintiffs and Dumon Defendants state that joining Vail Holdings as a party to this action is not feasible because it would strip this Court of subject matter jurisdiction by destroying complete diversity. Third, the Dumon Defendants argue that in equity and good conscience this action should be dismissed rather than continuing without Vail Holdings as a party. According to the following analysis, the Dumon Defendants have met their burden as to each required prong.

### 1. Vail Holdings is a required party

A party is required (or "necessary") if, in that party's absence, the court cannot accord complete relief among existing parties. *See* Fed. R. Civ. P. 19(a)(1)(A). A party is also a required party if it has an interest relating to the action, and if adjudicating the action without the party would impair or impede the absent party's ability to protect that interest or leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. *See* Fed. R. Civ. P. 19(a)(1)(B). In general, the required parties in a breach of contract action are the parties to the contract. *See OneCommand, Inc. v. Beroth*, 2012 WL 3755614, *2 (S.D. Ohio Aug. 29, 2012) (citing *Russian Collections v. Melamid*, No. 2:09-cv-300, 2009 U.S. Dist. LEXIS 113733, at *18, 2009 WL 4016493 (S.D. Ohio Nov. 18, 2009)). In an enforcement action against an obligor, multiple obligees are required parties when the obligation is owed jointly to obligees. *See Harrel & Sumner Contracting Co., Inc. v.*

*Peabody Petersen Co.*, 546 F.2d 1227, 1228–29 (5th Cir. 1977); *Bry-Man's, Inc. v. Stute*, 312 F.2d 585, 587 (5th Cir. 1963); *Gregory v. Stetson*, 133 U.S. 579, 586–87 (1890).

In this case, any obligation owed by Defendants to Eagle or Frontage would also be owed to Vail Holdings jointly pursuant to the Guaranty. The Guaranty states that Vail Holdings is a beneficiary collectively with Eagle and Frontage. No language in the Guaranty delineates Vail Holdings, or Eagle and Frontage for that matter, as having a different, discrete contract with Defendants. The terms of the agreement refer to Eagle, Frontage, and Vail as beneficiaries, and the material terms to the agreement refer to the Defendant-Guarantors as guaranteeing obligations to Beneficiaries *collectively*. Therefore, the Court finds that Vail Holdings is a required party in this action as it is a co-obligee under the Guaranty jointly with Plaintiffs Eagle and Frontage.

### 2. Joinder of Vail Holdings is not feasible

A required party must be joined if their joinder will not deprive the court of subject matter jurisdiction. *See* Fed. R. Civ. P. 19(a). Subject matter jurisdiction in this action is based upon diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists only if complete diversity exists, such that no party has the same citizenship as any opposing party. *See Strawbridge v Curtiss*, 7 U.S. 267 (1806). Vail Holdings is a citizen of Illinois and Ohio. All named Defendants are citizens of Illinois. Joinder of Vail Holdings is not feasible because joinder would defeat complete diversity among the parties, which would strip the Court of subject matter jurisdiction over this case.

### 3. In equity and good conscience, this case should be dismissed

When joinder is not feasible, the Court must determine whether, in equity and good conscience, the action should proceed with existing parties or should be dismissed. *See* Fed. R. Civ. P. 19(b). There is no prescribed formula for determining in every case whether a party is indispensable since that matter can be determined only in the context of each cause of action. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19 (1968). The factors for the Court to consider include: the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measure; whether the judgment rendered in the person's absence would be adequate; and whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. *See* Fed. R. Civ. P. 19(b).

The Court finds that a judgment rendered in the absence of Vail Holdings would prejudice Vail Holdings and Defendants. Under Ohio law, "generally, all joint creditors must join in an action relating to the subject matter of the joint claim." 73 Ohio Jur.3d Parties § 24. Failing to join Vail Holdings as a party would expose Defendants to the possibility of a second lawsuit with an inconsistent result regarding this Guaranty. Joining Vail Holdings to an action in state court is an available venue as the parties have consented to jurisdiction in the Courts of the County of Hamilton, Ohio. (Doc. 1-1 at

7

§ 8.11). With all of these factors in mind, the Court rules that the action should be dismissed for Plaintiffs' failure to join Vail Holdings as a party.

## IV. CONCLUSION

Wherefore, for the reasons stated here, Defendant's motion to dismiss (Doc. 26) is **GRANTED without prejudice**. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** in this Court.

**IT IS SO ORDERED.**

Date: 2/13/19

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge